UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES MCALLISTER** | **CIVIL ACTION NO. 08-531-P** |
| **VERSUS** | **JUDGE STAGG** |
| **LARRY DEAN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff James McAllister ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 10, 2008. Plaintiff is incarcerated at the Bossier Medium Correctional Center in Plain Dealing, Louisiana, and he complains his civil rights are being violated by prison officials. He names Larry Dean, Warden Weaver, Captain Grey, and the Bossier Parish Police Jury as defendants.

Plaintiff claims he was not transported to his court dates on January 24, 2008 and March 20, 2008. He claims prison officials disregarded the state court's orders without explanation.

Plaintiff claims he is denied fresh air/yard call. He claims he is denied a 24-hour medical facility. Plaintiff claims he is denied adequate food quantities.

He claims the facility is unsanitary. He claims there are only six toilets and no urinals for the 75 inmates. He claims the facility smells of urine because inmates urinate on the floor and the toilet seats.

Plaintiff claims prison officials do not use adequate cleaning supplies. He claims bleach should be used daily. He claims there are no dorm orderlies to clean. He claims inmates clean only their own space. Plaintiff claims the air conditioner is turned off for hours at a time. He claims this creates moisture and foul living conditions.

Plaintiff claims he is only issued one jumper per week. Plaintiff claims clothes are washed only once a week. He claims he was not issued shoes. He claims indigent inmates must do without socks, boxers, and t-shirts because there is no state issued clothing.

Plaintiff claims no grooming services are offered. He claims inmates must pop razors in order to cut their hair.

Plaintiff claims prison officials beat inmates for asking questions. He claims he has witnessed several beatings. He claims prison officials do not comply with DOC rules, regulations, and guidelines.

Accordingly, Plaintiff seeks that inmates be brought to court ordered hearings, DOC guidelines be met, and a transfer to a DOC facility.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328;

Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. Finally, a prisoner must also allege an injury that is more than de minimis, although it need not be significant. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

Plaintiff's conditions of confinement claims – unsanitary conditions, lack of cleaning supplies, no grooming services, and the like – even when read in a light most favorable to him, fail to meet the standard for cruel and unusual punishment. The facts alleged simply do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive Plaintiff of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Furthermore, Plaintiff failed to allege that he sustained any harm or injury as a result of his exposure to the complained of conditions. Accordingly, Plaintiff's claims regarding his conditions of confinement should be dismissed with prejudice as frivolous.

**Conclusory Claims**

Plaintiff also asserts several conclusory claims: he claims he is denied fresh air/yard call; he is denied a 24-hour medical facility; the quantity of food is inadequate; DOC rules are not followed; and inmates are beaten if they ask questions. Plaintiff does not allege that he has been beaten.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

Plaintiff named individual officials as defendants. Therefore, Plaintiff is required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so regarding these claims, even though he has amended his complaint. Accordingly, these claims should be dismissed as frivolous for failure to state a claim on which relief may be granted.

**Court Date Claims**

Plaintiff claims that on January 24, 2008 and March 20, 2008, he was not transported to his court ordered appearances.

Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S.

343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a healthy prisoner who has been deprived of medical treatment. In that case, the healthy prisoner has not sustained constitutional injury, and thus, is not entitled to relief under Section 1983. The Court emphasized that the role of the courts is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Plaintiff has failed to demonstrate that he was substantially delayed in obtaining judicial review of his claims as a result of the denial of access to the court. Accordingly, Plaintiff's claims regarding the denial of access to the court should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 25th day of January, 2011.

```
                        _____
                        MARK L. HORNSBY
                        UNITED STATES MAGISTRATE JUDGE
```